**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

ALDO SALAZAR,
    Petitioner

04 10134 JLT

Vs.

BRUCE CHADBOURNE,
    Interim Field Office Director
    Immigration & Customs Enforcement
    Department of Homeland Security,

&

THOMAS RIDGE,
    Secretary, Department of Homeland Security

MAGISTRATE JUDGE Alexander

**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Petitioner, Mr. Aldo Salazar, by and through his undersigned counsel, hereby petitions this Honorable Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin Respondents from refusing to release him pursuant to the Stay of Removal issued by the United States Court of Appeals for the First Circuit on October 29, 2003.

1. He is in the custody of the Department of Homeland Security (DHS) Immigration & Customs Enforcement Interim Field Office Director, Bruce Chadbourne, detained at Suffolk County House of Corrections, Boston, Massachusetts, a county facility contracted by DHS to hold DHS detainees.

**JURISDICTION AND VENUE**

2. This action arises under the Constitution of the United States, the Immigration and Nationality Act (INA), 8 USC s.1101 et seq., and the Administrative Procedure Act, 5 USC s. 701 et seq.

3. This Court has jurisdiction to consider this petition pursuant to 28 USC s.2241, Art. S.9, cl.2 of the United States Constitution (Suspension Clause), and 28 USC s.1331, as Mr. Salazar is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws or treaties of the United States. See Sandoval v. Reno, 166 F.3d 225 (3d cir. 1999); Catney v. Reno, 178 F.3d 190 (3d Cir 1999); Grant v. Zemski, 1999 U.S. Dist. Lexis 9271 (E.D. Pa. 1999). (In

Grant, the District Court held that Congress had not expressly repealed habeas jurisdiction in 8 USC s.1229(e), and that such an interpretation is essential to avoid reading serious constitutional problems into the statute. Id. At 7-8_. This Court may grant relief pursuant to 28 USC s.2241, the APA, the Declaratory Judgment Act, 28 USC s.2201 et seq., and the All Writs Act, 28 USC s.1651.

4. Venue lies in the United States District Court for the District of Massachusetts, the judicial district in which the Defendant Interim Field Office Director is located. 28 USC s.1391(e).

**PARTIES**

5. Petitioner Salazar is a native of Peru who has lived and worked in this country since 1994. He applied for political asylum and withholding of removal in 1994. He timely filed a Petition for Review of the decision of the Board of Immigration Appeals decision affirming the Immigration Judge's decision denying his applications for political asylum and withholding of removal but approving his application for voluntary departure. Until his arrest and detention on August 26, 2003 by the DHS, he was residing with his wife and co-respondent, Carmen Rodriguez de Salazar and their three United States citizen children in Massachusetts and working as a supervisor for ABM Services.

6. Respondent, Bruce Chadbourne, is the Interim Field Office Director of the New England Field Division of U.S. Department of Homeland Security, Immigration & Customs Enforcement Detention & Removal Operations and as such has immediate control and custody of Petitioner.

7. Respondent, Thomas Ridge, is the Secretary of Homeland Security, and is authorized by law to administer and enforce the immigration laws and is a legal custodian of petitioner.

**EXHAUSTION OF REMEDIES**

8. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this habeas petition. As will be detailed below, the United States Court of Appeals for the First Circuit allowed the Petitioner's Motion for a Stay of Removal on October 29, 2003. (See Exhibit A). The Petitioner made application for release to the Bureau of Immigration & Customs Enforcement on November 20, 2003. (See Exhibit B). Petitioner's case is still pending with the First Circuit as of the date of this Petition. In spite of these facts, the Respondents are refusing to release Petitioner. In a letter dated January 6, 2004, Respondent Chadbourne states that "This letter is to inform you that your custody status has been reviewed and it has been determined that you will

not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time." (See Exhibit C).

9. Petitioner has not filed any previous request for habeas corpus nor is any pending in any court.

## CASE AND PROCEDURAL HISTORY

10. Mr. Salazar applied for Political Asylum, Withholding of Removal and Voluntary Departure in April, 1994 and had the applications for asylum and withholding of removal denied by the Immigration Judge on March 20, 2001. The Petitioner timely appealed the Immigration Judge's decision to the Board of Immigration Appeals who affirmed the Immigration Judge's decision without opinion on October 29, 2002. He then timely filed a Petition for Review and Motion for Stay of Removal with the United States Court of Appeals for the First Circuit on November 24, 2002. The Petition was allowed for processing (No. 02-2486) but the Motion for a Stay of Removal was denied without prejudice.

11. Mr. Salazar was detained on August 26, 2003 in his home. Through Counsel, the Petitioner filed an Emergency Motion for Stay of Removal which was allowed by the First Circuit on October 29, 2003.

12. Petitioner requested that Respondent release Petitioner while his Petition for Review was pending, and Respondent has refused.

13. Petitioner has been a leading member of his community and employer. (See Exhibit D, Letters and Affidavits of Support). He is a lay leader of two Catholic parishes. He is a devoted father of three United States citizen children, one of whom is disabled and needs is attention and care. The ICE has not detained his wife, the co-Petitioner in the underlying case. He is an important person in the lives of all of the people described above having supported them, and the loss of his presence and support in their lives is causing extreme hardship for all of them.

## STATUTORY AND REGULATORY FRAMEWORK

14. The Petitioner is purportedly being detained under the authority of 8 USC s. 1231 (a)(2) (providing that "during the removal period, the Attorney General shall detain the alien").

15. However, as a result of the First Circuit's ruling of October 29, 2003 allowing the Motion for a Stay of Removal, the commencement of the removal period was postponed. See id., s. 1231 (a)(1)(B)(ii); 8 C.F.R. s. 1241.4(g) (1)(i)(B); Bejjani b. I.N.S., 271 F.3d 670, 689 (6th Cir. 2001) (where Court stayed removal, "the period of removal would not begin

until the date of the Court's final order"; "thus, the INS did not have the authority to detain Bejjani because the removal period had not begun").

16. Under s.1231(a)(1)(B), the removal period does not begin until the latest of: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement).

17. In this case, Salazar petitioner for judicial review, and the Court ordered a stay of removal. Under s.1231(a)(1)(B)(ii), the period of removal would not begin until the date of the Court's final order. Thus, the DHS does not have the authority to detain Salazar because the removal period has not begun.

**CONSTITUTIONAL FRAMEWORK**

18. The Due Process Clause of the Fifth Amendment provides that "no person shall be ...deprived of life, liberty, or property, without due process of law." U.S. Const.amendV. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action. " Foucha v. Louisiana, 504 U.S.71, 80 (1992). See also St. John v. McElroy, 917 F.Suppl. 243, 250 (S.D.N.Y. 1996) ("The private interest affected is St. John's liberty interest, which is of the highest constitutional import."); Doherty v. Thornburgh, 943 F.2d 204, 208 (2d Cir. 1991, cert. dismissed, Doherty v. Barr, 503 U.S. 901 (1992) (finding that even aliens unlawfully present in the U.S. have a "substantive due process right to liberty during deportation proceedings.)

19. Substantive due process requires that detention authorized for non-punitive purposes not be "excessive in relation to the regulatory goal Congress sought to achieve." United States v. Salerno, 481 U.S. 739, 747 (1987). Although Congress can detain alien pending Removal Proceedings for the legitimate purposes of protecting the community and preventing flight pending Removal, such detention cannot be "excessive" to those purposes.

20. Further, the Fifth Amendment also creates a procedural due process right to be heard at a meaningful time and in a meaningful manner, before a deprivation of liberty occurs. Matthews v. Eldridge, 424 U.S. 319, 334 (1976). What process is due depends on the private interest affected by the official action, the risk of erroneous deprivation of the interest, the value (if any) of additional or substitute procedural safeguards, and the government's interest, including fiscal and administrative burdens that

additional or substitute procedural requirements would impose. Matthews, 424 U.S. at 335.

## COUNT I

### Violation of Statute as applied to Petitioner

21. Petitioner hereby re-alleges paragraphs 1 through 20 as though fully set forth herein.

22. Section 1231(a)(1)(B)(ii) states that the removal period does not begin until the latest of (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement).

23. The Petitioner's case has been judicially reviewed, the Court has issued a stay of removal, the court has not issued a final order.

23. Therefore, the Petitioner is not subject to removal and should be immediately released pending the Court's final order.

## COUNT II

### Violation of Due Process

24. Petitioner hereby re-alleges paragraphs 1 through 23 as though fully set forth herein.

25. Section 1231(a)(2), 8 USC s.1231(a)(2) on its face and as applied to the Petitioner, violated both substantive and procedural due process by mandating his detention and prohibiting any individualized determination regarding danger of risk of flight in violation of the Constitution of the United States, Amendment V.

WHEREFORE, based upon the foregoing, the Petitioner prays for relief and that the Court:

(1) Assume jurisdiction over this matter;

(2) Issue a Writ of Habeas Corpus, directed to Respondents ordering them to release Petitioner immediately on his own recognizance;

(3) Declare that Section 1231(a)(1)(B)(ii) requires that the Respondents release the Petitioner pending the First Circuit's final order;

(4) Declare that Section 1231(a)(2) does not apply to Petitioner.

(5) Award Petitioner costs and reasonable attorneys fees;

(6) And any other relied that the Court deems just and appropriate.

Respectfully submitted,

_____
Robert M. Warren
11 Green Street
Jamaica Plain, MA 02130
(617) 983-1441